UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | Civil No. 3:03-CV-980 (SRU) |
| V. : | |
| RYAN BALDWIN : | APRIL 9, 2007 |

DEFENDANT RYAN BALDWIN'S
MOTION TO REOPEN PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2255

Defendant Ryan Baldwin hereby moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen his petition for writ of habeas corpus pursuant to 28 U.S.C. §2255. The petition was withdrawn on May 26, 2004.

The basis for this Motion is set forth in the attached Declaration of Ryan Baldwin (Exhibit A), which states in substance that the federal habeas proceeding should be reopened because prior habeas counsel misled Mr. Baldwin into withdrawing his petition and effectively abandoned him thereafter. The Motion and attached declaration attack the integrity of the disposition of the underlying habeas proceeding, which may entitle Mr. Baldwin to relief under Rule 60(b). *See Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (holding that relief under Rule 60(b) is available where the motion to reopen attacks the integrity of the federal habeas proceeding rather than the integrity of the criminal trial).

In further support of this motion, Mr. Baldwin states:

1.      On April 16, 2001, Mr. Baldwin entered a guilty plea to Count One of the Superseding Indictment charging him with conspiracy to possess with intent to distribute

50 grams or more of cocaine base, in violation of 21 U.S.C. §846.

2.    On May 29, 2002, the Court departed downward and sentenced Mr. Baldwin to 324 months imprisonment.

3.    On June 2, 2003, Mr. Baldwin filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255. The Government filed a response on August 18, 2003, and Mr. Baldwin filed a reply on September 17, 2003. A week later, on September 29, 2003, he requested an evidentiary hearing.

4.    On May 4, 2004, Mr. Baldwin's Section 2255 petition was scheduled for a hearing. On that date, Attorney Rudolph Miller formally appeared as retained habeas counsel on behalf of Mr. Baldwin. The Court did not proceed on the merits of the petition, but rather continued the matter for three weeks to give Attorney Miller an opportunity to review the merits of Mr. Baldwin's petition and amend or clarify claims as necessary. A new hearing date was set for May 26, 2004.

5.

**MATERIAL REDACTED**

6.

**MATERIAL REDACTED**

**MATERIAL REDACTED**

7.

**MATERIAL REDACTED**

8.

**MATERIAL REDACTED**

Mr. Baldwin attests that, other than a brief meeting after the *Blakely* case was decided, he had virtually no contact with Attorney Miller following his transfer to Wyatt. He attests that during the one meeting, Attorney Miller told Mr. Baldwin that he would file motions on Mr. Baldwin's behalf based on the *Blakely* decision, but never did

so.

## MATERIAL REDACTED

9. The Court (Hall, J.) appointed the undersigned on or about June 15, 2006 to review Mr. Baldwin's case. Undersigned counsel filed an appearance on Mr. Baldwin's behalf on September 20, 2006.

10.

## MATERIAL REDACTED

11.

## MATERIAL REDACTED

12. After some difficulty, undersigned counsel was able to contact Attorney Miller in August 2006.

## MATERIAL REDACTED

Follow-up attempts to discuss the matter further with Attorney Miller were unsuccessful due to a medical condition relapse.

13. In February 2007, Attorney Miller contacted undersigned counsel to advise

that he had experienced a relapse of his medical condition, and only recently returned to work.

## MATERIAL REDACTED

14. Mr. Baldwin attests in the attached declaration that he would not have agreed to withdraw his Section 2255 petition had he known that there was no enforceable agreement with the Government concerning a future sentence modification. Instead, he would have requested that Attorney Miller press forward on the merits of his Section 2255 petition. Among the claims asserted in the original *pro se* petition are claims that the assigned counsel who represented him in the trial court (a) was ineffective at sentencing and misled Mr. Baldwin into abandoning his PSR objection to drug quantity by telling him the Court had "already made up her mind" regarding that significant issue, and (b) was ineffective in failing to file a direct appeal. *See Roe v. Flores-Ortega*, 528 470, 477, 483-84 (2000) (prejudice is presumed and "[w]hen counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit."); *United States v. Campusano*, 442 F.3d 770, 771-72 (2d Cir. 2006) (applying *Flores-Ortega* and concluding that when defense counsel does not file requested notice of appeal and fails to file adequate Anders brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review.). As set forth in the attached declaration, Mr. Baldwin seeks to pursue the claims set forth in his original petition, with or without counsel.

15. In view of the foregoing, Mr. Baldwin respectfully requests that the Court grant his motion to reopen this federal habeas proceeding, which would allow him to pursue the claims set forth in his original Section 2255 petition.

_____
Robert M. Frost, Jr. (ct19771)

Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: rfrost@znclaw.com

Attorney for Ryan Baldwin

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA : Civil No. 3:03-CV-980 (SRU)
: Crim No. 3:00-CR-44 (SRU)
:
V. :
:
:
RYAN BALDWIN : MARCH 27, 2007

## DECLARATION OF RYAN BALDWIN
## IN SUPPORT OF MOTION TO REOPEN
## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2255

1. I am over the age of 18 years and understand the obligations of an oath. I have personal knowledge of the facts set forth in this Declaration.

2. On April 16, 2001, I entered a guilty plea to Count One of the Superseding Indictment charging me with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §846.

3. On May 29, 2002, I was sentenced by this Court to 324 months imprisonment.

4. On June 2, 2003, I filed a *pro se* motion to vacate my conviction and sentence pursuant to 28 U.S.C. §2255. I put my appeal in the mail box at Otisville FCI on May 28, 2003.

5. My family then retained an attorney, Rudolph Miller, to represent me in the federal habeas proceeding. On May 4, 2004, at a scheduled hearing, Attorney Rudolph Miller formally appeared on my behalf. My understanding is that the Court continued the matter for three weeks to give Attorney Miller an opportunity to review the merits of my petition and to amend or clarify claims as necessary.

6.

**MATERIAL REDACTED**

7.

**MATERIAL REDACTED**

8.

**MATERIAL REDACTED**

9. After the May 26, 2004 hearing, I was moved from Otisville FCI to Donald W. Wyatt Detention Center. Attorney Miller came to Wyatt once to see me, and told me about the *Blakely* decision in July, but I do not recall meeting with him after that. When he met with me at Wyatt, he told me that he would use *Blakely* to file motions on my behalf. Later, although I and members of my family attempted to contact Attorney Miller, he did not respond to the calls and letters, and I now understand that he never filed any motions on my behalf using *Blakely*. My understanding is that he was ill during this time.

**MATERIAL REDACTED**

10.

**MATERIAL REDACTED**

I would not have agreed to withdraw my Section 2255 petition had I known that there was no guarantee of a sentence reduction under the deal with the Government. Instead, I would have taken my chances with the Court and asked Attorney Miller to argue my 2255 petition. I therefore ask that the Court reopen my 2255 petition and let me argue the merits of my claims, with or without counsel.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON  3-27  , 2007.

*Ryan Baldwin*
Ryan Baldwin

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class, United States Mail, postage prepaid, on this date, to:

Peter Markle, AUSA
H. Gordon Hall, AUSA
U.S. Attorney's Office
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

Rudolph Findley Miller, Esq.
390 Centre St.
Jamaica Plain, MA 02130

Dated at Bridgeport, Connecticut this 9th day of April, 2007.

_____
Robert M. Frost, Jr.