UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | NO. 3:03CV980 (SRU) |
| V. | : | NO. 3:00CR44 (SRU) |
| | : | |
| RYAN BALDWIN | : | August 17, 2007 |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN
PETITION FOR WRIT OF HABEAS CORPUS,

Defendant RYAN BALDWIN moves to reopen his previously withdrawn petition for writ of habeas corpus. The petition was originally filed on June 2, 2003, responded to by the Government on August 15, 2003, and withdrawn on May 26, 2004. The Government respectfully submits that the Motion to Reopen should be denied for the reasons set forth below.

Following a lengthy investigation by the New Haven Drug Task Force, the defendant was arrested in September, 2000, and subsequently indicted for conspiring to distribute more than 50 grams of cocaine base. On April 16, 2001, the defendant pleaded guilty. On May 24, 2002, the Court departed downward and the defendant was sentenced to a term of imprisonment of 324 months. On June 2, 2003, the defendant filed a motion claiming that his attorney (Joseph Martini) had provided ineffective assistance of counsel. On August 15, 2003, the Government filed a response in opposition to defendant's motion (Attached as Exhibit 1). A hearing on defendant's motion was scheduled for May 4, 2004. On that date, the Government was prepared to go forward with the evidentiary hearing and Attorney Martini was present and prepared to testify as to why his representation of the defendant was effective and above reproach. In addition, Attorney Martini had a number of letters he had authored and sent to the defendant

regarding sentencing issues and the appeal of his sentence. (The letters are attached to the Government's initial response dated August 15, 2003). The testimony of Attorney Martini and the letters documenting his correspondence with his client would have established that, defendant's claims to the contrary, his representation was effective and professional, his client was fully advised and consulted regarding sentencing and appellate issues and his client knowingly agreed with counsel's handling of the issues raised at his sentencing hearing and knowingly acquiesced in the decision not to appeal his sentence.

As stated, the Government was prepared to go forward with the evidentiary hearing and to establish that the defendant's claims were entirely without merit. However, based on conversations with his habeas attorney (Attorney Rudy Miller) the defendant elected not to pursue his 2255 Motion and affirmatively, voluntarily and knowingly, withdrew his petition[1]. The District Court canvassed the defendant in regard to the withdrawal:

> THE COURT: Good morning, Mr. Baldwin. Have you had time to talk to Mr. Miller since the last time and today?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you asked him to ask me to withdraw your petition?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That means there won't be any more proceedings on the issues that you brought to my attention in your pro se petition. Do you understand that?

---

[1] The evidentiary hearing was originally scheduled for May 4, 2004. However, on that date, counsel for defendant requested a continuance so that he could discuss with his client whether or not they should withdraw the 2255 motion. The court, therefore, continued the matter until May 26, 2004 at which time the defendant formally withdrew his petition.

|   |   |
|---|---|
| THE DEFENDANT: | Yes. |
| THE COURT: | You may be seated. Attorney Markle, do you have any objection to the defendant's request? |
| MR. MARKLE: | No. |
| THE COURT: | The court grants, the petitioner's I should say, I shouldn't call you the defendant, the petitioner's motion to withdraw his 2255 petition. The court grants that oral motion and the petition is therefore withdrawn and given our practice in this district of proceeding with a 2255 in a criminal case, although initially filed as a civil matter is carried under the criminal docket name. The criminal case should again be closed in light of the withdrawal... |

As the defendant voluntarily and knowingly elected to withdraw his petition, he should not be allowed to reopen the matter. The petition was withdrawn because it lacked merit and the Government was prepared to establish that fact through the testimony of Attorney Martini. The defendant's opportunity to cooperate was not contingent on the withdrawal of his petition. Now, however, defendant's cooperation having failed, he seeks to reinstate his previously withdrawn claims. The Government opposes such a request based on the facts and procedural history of this case. As to the defendant's substantive claims, if the Court deems a hearing is necessary, the Government is prepared, as it was before, to establish that they are baseless.

For the above stated reasons the Government respectfully submits that the Court should deny the Petitioner's motion to reopen.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


PETER D. MARKLE
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 773-2108
FEDERAL BAR # ct05098

<u>CERTIFICATE OF SERVICE</u>

  This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on August 17, 2007 to:

Robert M. Frost, Jr., Esq.
Zeldes, Needle and Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

                    _____
                    PETER D. MARKLE
                    ASSISTANT U.S. ATTORNEY