UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | NO. 3:03CV980 (JCH) |
| V. | : | NO. 3:00CR44 (JCH) |
| | : | |
| RYAN BALDWIN | : | August 15, 2003 |

GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

By order dated June 10, 2003, the Court ordered the Government to show cause by July 11, 2003 why the relief sought by the defendant in his motion under 28 U.S.C. § 2255 should not be granted. The Court subsequently granted the Government's motion to enlarge the time within which it could respond so that materials pertinent to the defendant's claims could be obtained from his trial counsel. The Government's response follows.

Background

In late 1999, the New Haven Drug Task Force, ("Task Force"), initiated an investigation into the suspected distribution of cocaine base, or "crack", and cocaine in and around the Farnam Court housing complex in New Haven, Connecticut. At the time, the Task Force was comprised of officers and agents of the Federal Bureau of Investigation, the Drug Enforcement Administration, the New Haven, West Haven and East Haven Police Departments and other cooperating law enforcement agencies. The Farnam Court housing complex is a low-income housing project bounded by Grand Avenue, Franklin Avenue and Hamilton Street on the edge of the Fair Haven section of New Haven, and is home to several hundred residents.

EXHIBIT 1

The investigation included an historical review of records of the New Haven Police Department; interviews of individuals historically involved in drug distribution in the Farnam Court area; the execution of state and federal search warrants; direct, video and moving surveillance; supervised purchases of cocaine base from sellers within the complex; consensually recorded telephone conversations; telephone conversations intercepted and recorded pursuant to an order of the District Court; seizures; and debriefings of numerous cooperating witnesses. These techniques resulted in the accumulation of evidence which established that from the mid-1980s through February 2000, Ryan Baldwin, the defendant herein, operated a pervasive cocaine base and cocaine distribution organization which virtually monopolized the sale of those drugs in the Farnam Court project over that period. The evidence also established that, after the arrest of the defendant in February 2000, he passed leadership of the operation over to Todd Davender, who continued to manage it until his arrest on August 27, 2000.

At the conclusion of the investigation, a federal grand jury sitting in Bridgeport, Connecticut returned a superseding indictment in which the defendant, Davender and nine other individuals were charged with narcotics and narcotics-related offenses. As of April 30, 2001, the defendnat, Davender, Theodore Smith, Anita Morales, Tyron Conley, Georgina McCleese and Corey Harris had entered pleas of guilty to cocaine base conspiracy charges. In addition, as of that date, Patrick

Stenson and George Cunningham had entered pleas of guilty to a charge of using a telephone to facilitate a narcotics trafficking offense. From April 30 through May 2, 2001, the remaining defendants, Louis Phelmetto and Tyrese Barker, were tried before a jury and U.S. District Judge Janet Hall. On May 2, both defendants entered pleas of guilty to a charge of misprision of a felony. Davender then withdrew his guilty plea and proceeded to trial, at the conclusion of which he was convicted and sentenced to a lengthy term of incarceration.

On May 29, 2002, the defendant was sentenced to a term of incarceration of 324 months, to be followed by 60 months of supervised release.

By motion dated May 29, 2003,[1] the defendant asserts that his counsel in the district court was ineffective, and seeks to have certain sentencing issues revisited. Because the defendant's assertions are completely ungrounded, the relief he seeks must be denied.

Argument

The defendant claims that his counsel in the district court was ineffective because he failed to contest portions of the presentence investigation report in which he was assessed a quantity attribution which corresponded to a base offense level of 38 and a four-level role enhancement. However, the transcript

---

[1] Although the defendant's motion appears to be untimely, having been filed on June 2, 2003, more than one year after he was sentenced, the Government will respond to the substance of the motion.

3

of the proceedings, which is included in the defendant's papers as Exhibit D, establishes that counsel purposely and with the consent of the defendant withdrew objections to the quantity and role findings in the PSI, and did so because it was tactically to the defendant's advantage. Exhibit D at 3-4. He also went on to argue aggressively but carefully for adjustments to the criminal history calculations in the PSI and for a downward departure based on non-offense conduct factors. Id. at 7-8, 28-31. The transcript makes it clear that, in seeking sentencing reductions for the defendant, counsel was always mindful that over-reaching could result in an examination of the record which could adversely affect the defendant, see id. at 9, or could result in his losing precious adjustment points for acceptance of responsibility.

Correspondence between the defendant and his attorney, attached hereto as Exhibits 2, 3 and 4, and a file memorandum generated by the attorney, attached hereto as Exhibit 1, corroborate this decisively.

In Exhibit 1, defense counsel explains that he contacted the defendant at the facility at which he was detained and discussed the abandonment of the defendant's then-pending claims for a lower quantity attribution and the elimination of an upward role adjustment. The memo memorializes the defendant's understanding of and agreement with these tactical decisions.

In Exhibit 2, defense counsel advises the defendant that he has conveyed to the Court and to the Government the defendant's

4

decision not to contest the PSI provisions on quantity and role.

Finally, in Exhibits 3 and 4, defense counsel explains the availability of the appeal remedy, and confirms that the defendant does not wish to pursue an appeal.

The test for evaluating claims of ineffective assistance of counsel is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The first prong of the <u>Strickland</u> test requires a defendant to demonstrate that in specific instances his or her "counsel's representation fell below an objective standard of reasonableness . . . ." <u>Strickland</u>, 466 U.S. at 687-88. "The Court `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that `[t]here are countless ways to provide effective assistance in any given case' and that [e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" <u>United States v. Aquirre</u>, 912 F.2d 555, 560 (2d Cir. 1990) (quoting <u>Strickland</u>, 466 U.S. at 689).

Here, given the circumstances of his plea and sentencing as born out by the plea agreement, the sentencing transcript and the memorandum and correspondence of defense counsel, the defendant has completely failed to establish that his attorney fell short of what is required of him in any respect. The defendant had the benefit of competent counsel throughout his dealings with the Court, he understood the nature and particulars of the plea and sentencing proceedings. There is simply no basis in the record for this Court to conclude that the defendant received

ineffective assistance of counsel in his case.

Conclusion

For all of the reasons set forth above, and as may otherwise appear in the record, the relief requested by the defendant must be denied.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>*/s/ H. Gordon Hall*
>
>H. GORDON HALL
>ASSISTANT U.S. ATTORNEY
>157 CHURCH STREET
>P.O. BOX 1824
>NEW HAVEN, CT 06508
>(203) 773-2108
>FEDERAL BAR # ct05153

# PEPE & HAZARD LLP
## FILE MEMO

Case:     31215-2 BALDWIN            Date:     MAY 21, 2002

From:     Joseph W. Martini


    On May 20, 2002, at approximately 8:00 a.m., I placed a call to the Donald W. Wyatt Detention Facility and left a message for Jean Singleton, a counselor at that facility. I asked Jean Singleton to contact my client, Ryan Baldwin, and ask Mr. Baldwin to call me sometime today. Shortly thereafter, I received a telephone call from Ryan Baldwin. I told Ryan that the reason that I was calling was that I was getting prepared for a telephone status conference with the court, currently scheduled for May 21, at 8:30 a.m. I told Ryan that I wanted to confirm with him that we are not going to object to the findings in the Presentence Report regarding drug quantity and role. I had previously discussed these matters with Ryan, and had advised him that based on Judge Hall's rulings in the <u>Davender</u> case, it was not in our best interest to argue against the application of a role adjustment and against the attribution to him of over 1.5 kilograms of crack cocaine. I told him, in substance, that if we were to challenge these findings that we would risk losing our reduction for acceptance of responsibility, which, in this guideline range, was significant. Ryan agreed with me, as he did when we discussed this previously. That is, I confirmed with him that we would not pursue either of these two issues at his sentencing next week. Ryan and I also discussed that we would instead devote our energies to attacking the findings of the Presentence Report regarding criminal history category and other downward departure factors.

    I also told Ryan that I had been trading calls with Dwayne Clark, and asked Ryan to reach out to Dwayne to tell Dwayne to continue to try to get in touch with me.

JWM:kap



JWM/31215/2/39313v1
05/21/02-SPT/

# PEPE&HAZARD LLP

A BUSINESS LAW FIRM

30 JELLIFF LANE
SOUTHPORT, CONNECTICUT 06490-1436
203.319.4000  FACSIMILE: 203.259.0251

JOSEPH W. MARTINI
Attorney At Law
‡Also Admitted in NY & D.C.
Direct Dial: 203.319.4002
jmartini@pepehazard.com

May 21, 2002

**By Federal Express**

Mr. Ryan Baldwin, Inmate #13811-014
Donald W. Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Dear Ryan:

    I participated in a conference call with Judge Hall this morning. During the call, we discussed issues relating to your sentencing, which is now scheduled for May 29 at 9:30. This is a firm date and will not change. Please start telling your friends and family that this is the date. I will call Arnetta and tell her.

    You have the right to speak at your sentencing. You should give some thought to what you would like to say, if anything. We should talk about this before May 29.

    During today's call, the Judge wanted to know what issues we plan to raise at sentencing. Consistent with our conversations, I told the Judge that we would not be contesting the findings of the presentence report on the issues of drug quantity (paragraph 58 of the Presentence Report) or role in the offense (paragraph 60). As we discussed, any challenge on these issues is effectively prevented by the Judge's findings at sentencing in the <u>Davender</u> case. Also, any challenge in the face of the strong record already in place would mean that we would risk losing the three point reduction for acceptance of responsibility (paragraph 64). The Judge understood this strategy, but was careful to point out that she doesn't want the impression to be that she has a closed mind on these issues, and that she wasn't heard what we might say. If you have second thoughts about this strategy, you need to call me immediately.

    Also, there was an issue raised about an increase for use of a minor. (See the addendum to the Presentence Report). The government stated that it is not going to press this issue.


GOVERNMENT EXHIBIT 2

JWM/31215/2/39311v1
05/21/02-SPT/

BOSTON      HARTFORD      SOUTHPORT

www.pepehazard.com

May 21, 2002
Page 2

Therefore, my plan at sentencing is to convince the court to impose a lower sentence by making arguments about your criminal history (that it is too high) and requesting a downward departure. There is no guaranty that either argument will work. In fact, the court may view you as having gotten a benefit already because two of your prior convictions did not count in your criminal history calculation and the government agreed not to a file second offender notice, thus saving you from a mandatory life term. Anyway, we need to make these arguments as I believe they represent our best shot.

I enclose the Presentence Report (with addendum), my sentencing memorandum and the Davender sentencing transcript for you to review. I am sending them again in case you have misplaced the copies I previously sent to you. Please review the Presentence Report again carefully as the Judge will ask you if you have read it and whether you have any objections to it.

Finally, it may be helpful to have family members speak at sentencing. You should think about this and whether you think it would be a good idea to have Arnetta, for example, address the court, or your mother. We should talk about this as well.

Sincerely,

Joseph W. Martini

JWM:kap

# PEPE&HAZARD LLP

A BUSINESS LAW FIRM

30 JELLIFF LANE
SOUTHPORT, CONNECTICUT 06490-1436
203.319.4000 FACSIMILE: 203.259.0251

JOSEPH W. MARTINI
†Only Admitted in NY & D.C.
Direct Dial: (203) 319-4002
jmartini@pepehazard.com

May 30, 2002

**By Federal Express**

Mr. Ryan Baldwin, Inmate #13811-014
Donald W. Wyatt Detention Center
950 High Street
Central Falls, RI 02863

Dear Ryan:

I enclose a copy of the government's response to our original sentencing memorandum. The government sent this to me by fax on Tuesday night, and I therefore did not have a chance to go over it with you. However, the government's positions in this response are the same as those articulated in court yesterday.

Second, as we discussed on the telephone today, there is really only one issue to raise on appeal, and that is the judge's ruling concerning the criminal history point for committing the instant offense less than two years from your release from the New York State Jail. As we discussed today, given the fact that the judge departed downward from your criminal history category to a lower category, it does not make much sense to take an appeal from the judge's decision. Also, you should know that a defendant cannot appeal the extent of the court's downward departure. In other words, we cannot ask that the appeal court reverse the sentence on the ground that the judge did not depart far enough. Although, in my view, there is little reason to appeal, it is your decision and I need you to indicate to me one way or the other whether you intend to file an appeal. Please do this immediately because, as the judge explained yesterday, we only have ten days within which to make our decision.

Finally, as I told you, I have placed calls to Dwayne Clark and to your sister, as you asked me to do but I have not yet heard from them. I will keep you posted once I do make contact with either one of them or anyone else.

Sincerely,

Joseph W. Martini

JWM:kap

**GOVERNMENT EXHIBIT 3**

# PEPE&HAZARD LLP

A BUSINESS LAW FIRM

30 JELLIFF LANE  
SOUTHPORT, CONNECTICUT 06490-1436  
203.319.4000  FACSIMILE: 203.259.0251

JOSEPH W. MARTINI  
‡Only Admitted in NY & D.C.  
Direct Dial: (203) 319-4002  
jmartini@pepehazard.com

June 6, 2002

**By Federal Express**

Mr. Ryan Baldwin, Inmate #13811-014  
Donald W. Wyatt Detention Center  
950 High Street  
Central Falls, RI 02863

Dear Ryan:

I enclose a copy of the judgment in your case. As you can see the judgment was entered by the court on or about May 31, 2002. As we have discussed, I understand that you do not wish to file an appeal from this sentence, but wish to pursue other possible avenues of cooperation with the government. If, for some reason, my understanding is incorrect, you need to call me immediately upon receipt of this letter. As the Judge told you, your right to file an appeal expires within 10 days of your sentencing.

Sincerely,

Joseph W. Martini

JWM:kap



GOVERNMENT EXHIBIT 4

CERTIFICATE OF SERVICE

    This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on August 15, 2003 to:

Ryan Baldwin
No. 13811-014
Federal Correctional Institution
PO Box 1000
Otisville, NY 10963

Joseph W. Martini, Esq.
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06490-1436

_____
H. GORDON HALL
ASSISTANT U.S. ATTORNEY