# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CIVIL ACTION NO. |
| v. | 3:00cr44 (SRU) |
| RYAN BALDWIN | |

## RULING ON MOTION TO REOPEN

The defendant, Ryan Baldwin, pled guilty to a drug conspiracy charge and is currently serving a 324-month term of imprisonment. Baldwin filed a habeas petition in which he argued that his attorney was ineffective because: (1) his attorney convinced him to plead guilty by assuring Baldwin he would challenge Baldwin's attributable drug quantity at sentencing, yet failed to challenge quantity; and (2) his attorney failed to appeal Baldwin's sentence despite Baldwin's orders to do so. Baldwin subsequently withdrew his habeas petition, however, "as a sign of good faith" in furtherance of a deal he believed his attorney had brokered with the government that would have reduced his sentence. The alleged deal failed to materialize, however, and Baldwin moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to reopen his habeas proceedings. For the foregoing reasons, Baldwin's motion to reopen is granted.

**I.    Background**

In September 2000, Baldwin was arrested and subsequently indicted for conspiring to distribute more than 50 grams of cocaine base. On April 16, 2001, Baldwin pled guilty to the charge, and on May 29, 2002, Baldwin was sentenced to 324 months' imprisonment. Baldwin's sentence represented a downward departure from his computed Sentencing Guideline range.

On June 2, 2003, Baldwin, acting *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. Baldwin argued that his attorney was constitutionally ineffective for two principal reasons.[1] First, Baldwin alleged that he pled guilty only because his attorney advised him that he would challenge Baldwin's attributable drug quantity at sentencing, but Baldwin's attorney never challenged his attributable drug quantity. Second, Baldwin argued that his attorney failed to appeal his sentence, contrary to his direction. The Court originally scheduled an evidentiary hearing on Baldwin's motion for May 4, 2004. The government was prepared to present evidence at the hearing to refute Baldwin's habeas claims.

Baldwin then retained Attorney Rudolph Miller, and the court postponed the May 4 hearing. According to Baldwin, Miller contacted the government and negotiated an agreement that obligated the government to file of a motion to modify sentence pursuant to Fed. R. Crim. P. 35(b). Attorney Miller allegedly advised Baldwin that the modification could reduce his sentence by as much as 13 years or more. Believing that a deal had been reached, Miller allegedly convinced Baldwin to withdraw his section 2255 petition on May 26, 2004 as "a sign of good faith." During the proceedings in which he withdrew his petition, the Court informed Baldwin that "there won't be any more proceedings on the issues that you brought to my attention in your *pro se* petition."

The government has not filed a motion pursuant to Rule 35, and continues to deny that it reached any formal *quid pro quo* deal with Baldwin. After consulting with his current counsel,

---

[1] It is unclear if Baldwin attempted to raise other claims in his *pro se* pleading, but any other claims are either: (1) not coherent; (2) theories that support the two listed claims; or (3) facially without merit. Baldwin is now represented by counsel and may seek leave to amend his petition.

Baldwin filed the instant motion to reopen his section 2255 petition pursuant to Rule 60(b)[2] of the Federal Rules of Civil Procedure. Baldwin argues that he is entitled to relief under Rule 60(b) because he is attacking the integrity of the underlying habeas proceedings, as opposed to attacking the sentence and conviction itself. Baldwin supported his motion with a declaration in which he asserts that he would not have withdrawn his section 2255 petition had he known that his lawyer had not negotiated an enforceable agreement with the government. The government opposes his motion to reopen, arguing that Baldwin's previous voluntary withdrawal of his habeas petition should be binding.

## II. Discussion

Baldwin has filed a motion to reopen pursuant to Rule 60(b)(6), which provides that a court may award a party relief from a judgment for "any other reason justifying relief from the operation of the judgment." *Id*. The Second Circuit Court of Appeals has held that "a Rule 60(b) motion does not itself seek habeas relief and should therefore be treated as any other motion under Rule 60(b) for purposes of AEDPA, provided that the motion relates to the integrity of the federal habeas proceeding, not to the integrity of the criminal trial." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (internal quotations omitted). "[I]t is well established that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship. In typical civil proceedings, this Court very rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Id*. at 81 (internal citation and quotations omitted).

Baldwin has met that high standard. This case does not present the typical scenario in

---

[2] Although he does not cite the specific provision, it is clear from his moving papers that Baldwin sought to reopen his habeas proceedings under Rule 60(b)(6).

which a petitioner seeks to reopen a habeas proceeding, because Baldwin's first habeas petition was never adjudicated on the merits. He is thus not "getting a second bite at the apple." Although I make no comment today on the merits of Baldwin's habeas petition, the claims he raises implicate fundamental constitutional rights and, if meritorious, involve potentially serious consequences. Baldwin is serving a 27-year sentence based upon a guilty plea that he alleges was not knowing and voluntary due to his counsel's constitutional ineffectiveness, and he alleges that his counsel improperly failed to appeal his sentence despite his directives to the contrary. Upon a favorable decision, Baldwin may be able to withdraw his guilty plea, or may be entitled to appeal his sentence. To preclude an initial review of those claims that were initially brought in a timely fashion would deprive Baldwin of a very important procedural protection with no significant countervailing systemic benefit. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) ("The writ of habeas corpus plays a vital role in protecting constitutional rights.").

I also note that Baldwin shown no bad faith, and has supported his motion to reopen with allegations that attack the integrity of his previous habeas proceedings. He has alleged that he withdrew his petition only because he believed his attorney had brokered a deal with the government, not because he believed his claims to be without merit.

### III. Conclusion

For those reasons, Baldwin's motion to reopen **[docs. ## 631]** is **GRANTED**. Should Baldwin wish to amend his original petition, his counsel shall file an amended petition within 30 days of the entry of this order.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of January 2008.

                                                /s/ Stefan R. Underhill
                                                     Stefan R. Underhill
                                                     United States District Judge