UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : Civil No. 3:00-CR-44 (SRU) |
| V. | : |
| RYAN BALDWIN | : APRIL 11, 2008 |

**DEFENDANT RYAN BALDWIN'S
AMENDED MOTION PURSUANT TO 28 U.S.C. §2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pursuant to 28 U.S.C. §2255, and in accordance with this Court's prior orders extending the time within which to amend the pending *pro se* motion originally filed by Defendant Ryan Baldwin, Mr. Baldwin submits this amended motion to vacate and set aside his prior conviction and sentence.

For the reasons set forth below, Mr. Baldwin contends that the judgment in this case violated Mr. Baldwin's rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

In support of this amended motion, Mr. Baldwin, by undersigned counsel, states:

**PROCEDURAL HISTORY AND BACKGROUND**

1. By virtue of a judgment of the United States District Court for the District of Connecticut (Hall, J.), the Movant, Ryan Baldwin, is presently committed to the custody of the United States Bureau of Prisons. He is housed at FCI Otisville in Otisville, New York.

2. On April 16, 2001, Mr. Baldwin entered a guilty plea to Count One of the Superseding Indictment charging him with conspiracy to possess with intent to distribute

50 grams or more of cocaine base, in violation of 21 U.S.C. §846.

3. The plea agreement did not contain a Guideline stipulation between the parties. Instead, relying upon the advice of counsel, Mr. Baldwin entered his plea with the understanding that he and his counsel would be able to challenge key factual findings at sentencing, including any claim by the Government that he was responsible for over 1.5 kilograms of cocaine base. Mr. Baldwin also explicitly reserved his right to appeal his conviction and sentence. Later, on the eve of sentencing, Mr. Baldwin relied on the advice of counsel in deciding against exercising those important rights, thereby depriving him of the benefits of the plea agreement and prejudicing Mr. Baldwin.

4. On the day of sentencing, May 29, 2002, Mr. Baldwin's trial counsel advised the Court that he would not "press" Mr. Baldwin's objections to the factual findings in the PSR, including the recommendation that Mr. Baldwin be held responsible at sentencing for 1.5 kilos or more of cocaine base.

5. On May 29, 2002, the Court (Hall, J.), proceeded to make factual findings on the issues of drug quantity and role in the offense and sentenced Mr. Baldwin to 324 months imprisonment. The Court found that Mr. Baldwin was responsible for 1.5 kilograms or more of cocaine base, thereby raising his base offense level from 32 to 38. See U.S.S.G. §2D1.1(c)(1) (2002). The Court also enhanced Mr. Baldwin's sentence four levels, from 38 to 42, upon finding that he was a leader of the conspiracy. See U.S.S.G. §3B1.1(a). The Court then reduced Mr. Baldwin's sentence by three levels, from 42 to 39, for acceptance of responsibility. Based on a criminal history score of 8 points (CHC IV), the Court calculated Mr. Baldwin's Guidelines to be Level 39/CHC IV, yielding a sentencing range of 360 months to life. The Court then departed from CHC V

to CHC IV for reasons related to Mr. Baldwin's criminal history and sentenced Mr. Baldwin to the bottom of the range (324-405 months), imposing a sentence of 324 months.

6.  A significant factor in the Court's decision to sentence Mr. Baldwin to 324 months was the Court's finding, in the absence of any arguments or evidence to the contrary, that Mr. Baldwin was responsible for 1.5 kilos or more of cocaine base. The Court remarked of Mr. Baldwin's sentence: "It's really a function of quantity, which in some respects is a function, I suppose, of the time in which he engaged in the conspiracy, the time period in which he did, but clearly ... the one factor here isn't so much his criminal history as it is the quantity." 5/29/02 Tr. at 23.

7.  The Government, in its presentation at sentencing, also commented on the drug quantity finding and the rather harsh range called for by the Guidelines:

> These are devastating guidelines, your Honor. There is no doubt about it. It is – they do provide – we are arguing here over a 30-year to life sentence or perhaps the benefit of being presumptuous of maybe going down to 27 years. Whatever sentence the Court imposes, it's an incredibly long sentence, the government is well aware of that, and it is frustrating and troubling to realize that that is going to be probably the best that Mr. Baldwin is going to do.

*Id.* at 54-55.

8.  After sentencing, Mr. Baldwin questioned trial counsel regarding an appeal of the judgment and relied upon counsel's advice that an appeal would likely fail. Mr. Baldwin alleges that he later expressed an interest in pursuing an appeal, but no notice of appeal was ever filed and no *Anders* brief explaining trial counsel's belief in the frivolousness of an appeal was ever filed.

9.  On May 29, 2003, Mr. Baldwin signed his *pro se* motion to vacate his

conviction and sentence pursuant to 28 U.S.C. §2255. Upon information and belief, Mr. Baldwin mailed the pleading on the same date.

10. On June 2, 2003, the Clerk received and docketed the *pro se* Section 2255 motion.

11. On May 26, 2004, Mr. Baldwin withdrew his Section 2255 motion in furtherance of a deal he believed his habeas counsel had brokered with the Government that would have reduced his sentence. When that deal failed to materialize, Mr. Baldwin moved, pursuant to Fed. Civ. P. 60(b), to reopen his Section 2255 motion.

12. On January 1, 2008, the Court (Underhill, J.), granted the motion to reopen and granted leave to amend the *pro se* motion.

13. No other post-trial motions or collateral proceedings regarding this judgment of conviction have been filed. Mr. Baldwin intends, however, through other counsel from the Federal Defender's Office, to file a motion for reduction of his sentence pursuant to 18 U.S.C. §3582(c) in order to avail himself of the retroactive changes to the crack cocaine Guidelines recently passed by the Sentencing Commission.

### GROUNDS FOR RELIEF

14. By this amended Section 2255 motion to vacate and set side his conviction, and for the reasons stated below, Mr. Baldwin asserts that his conviction and sentence violate his rights pursuant to the Fifth and Sixth Amendments to the United States Constitution. While this motion contains only "short and plain statement of the claim made and the relief sought," D. Conn. L. Civ. R. 8(a), undersigned counsel anticipates filing a memorandum of law in due course.

15.     Mr. Baldwin asserts three grounds for relief in this amended Section 2255 motion:

(a)     Trial counsel was constitutionally ineffective in advising Mr. Baldwin to enter into a plea agreement that purported to preserve Mr. Baldwin's right to challenge drug quantity at sentencing, only to abandon any arguments regarding drug quantity at the time of sentencing hearing.  Counsel's conduct rendered the plea unknowing and involuntary.  Had Mr. Baldwin known that he would never actually get the opportunity to challenge drug quantity at sentencing, he would have insisted on going to trial or sought to negotiate a more favorable Guideline stipulation as to quantity.

(b)     Trial counsel was constitutionally ineffective in not adequately consulting with Mr. Baldwin regarding his right to appeal and failing to file a direct appeal and an *Anders* brief when Mr. Baldwin expressed an interest in pursuing an appeal.  *See Roe v. Flores-Ortega*, 528 470, 477, 483-84 (2000) (prejudice is presumed and "[w]hen counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit."); *United States v. Campusano*, 442 F.3d 770, 771-72 (2d Cir. 2006) (applying *Flores-Ortega* and concluding that when defense counsel does not file requested notice of appeal and fails to file adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review.).  Mr. Baldwin clearly disagreed with the factual finding that he was responsible over 1.5 kilograms of crack cocaine and never admitted such facts at the time of his plea.  At a minimum, in view of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Mr. Baldwin could have challenged the burden of proof and fact-finding procedures used at his sentencing.

(c) Mr. Baldwin's Fifth and Sixth Amendment rights were violated when the Court applied the then-mandatory Sentencing Guidelines and enhanced his sentence based on facts not found beyond a reasonable doubt and not found by a jury or admitted by Mr. Baldwin in his plea agreement. See United States v. Booker, 543 U.S. 220 (2005) (holding that "the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant"); see also Blakely v. Washington, 524 U.S. 296 (2004). Here, assuming Mr. Baldwin is not entitled to vacate his plea, his case should be remanded for sentencing in light of Booker. While it is true that petitioners under Section 2255 generally are not entitled to retroactive application of "new rules" of criminal procedure handed down after their convictions become final, see Teague v. Lane, 489 U.S. 288, 311-12 (1989), the Supreme Court's decision in Booker did not announce a "new rule" within the meaning of Teague, but rather applied and explained a rule first dictated in Apprendi, see, e.g., Blakely, 542 U.S. at 328 (Breyer, J., dissenting) ("[t]he Court [made] clear that it mean[t] what it said in Apprendi"), and therefore it should be applied retroactively to cases – like Mr. Baldwin's case – decided before Blakely and Booker but after Apprendi. In the alternative, if Booker constitutes a "new rule" within the meaning of Teague, it should be given retroactive effect in this case because it relates to the reasonable doubt standard of proof and thus goes directly to "the fundamental fairness and accuracy of the criminal proceeding" at issue. See Graham v. Collins, 506 U.S. 461, 478 (1993) (citing Teague).

16. Each of the above-described acts of omissions, individually or collectively,

violated Mr. Baldwin's rights under the Fifth and Sixth Amendments to the United States Constitution, resulting in fundamental defects in the legal process and a complete miscarriage of justice. Each of the above described acts or omissions by counsel fell below objective standards of reasonableness and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceedings would have been different. To the extent that counsel failed to properly raise and/or litigate particular claims, he was ineffective.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, all prior proceedings, and all submissions, Mr. Baldwin respectfully prays that this Court grant him the following relief:

1. That the defendant be granted any discovery necessary for a full and fair resolution of the claims contained in this motion;

2. That the defendant be provided an opportunity to supplement this motion with additional briefing;

3. That an evidentiary hearing be conducted on all claims involving disputed issues of fact; and

4. That the Court grant such other and further relief pursuant to 28 U.S.C. §2255 and the United States Constitution as law and justice require.

_____
Robert M. Frost, Jr. (ct19771)

Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: rfrost@znclaw.com

Attorney for Ryan Baldwin

8

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via first class, United States Mail, postage prepaid, on this date, to:

Peter Markle, AUSA
H. Gordon Hall, AUSA
U.S. Attorney's Office
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

Rudolph Findley Miller, Esq.
390 Centre St.
Jamaica Plain, MA 02130

Dated at Bridgeport, Connecticut this 11th day of April, 2008.

_____
Robert M. Frost, Jr.